IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-66-GF-BMM |
| Plaintiff/Respondent, | CV 24-23-GF-BMM |
| vs. | ORDER DENYING § 2255 MOTION |
| JOSEPH DRAYTON COOK, | AND DENYING CERTIFICATE OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Joseph Drayton Cook's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 36.) Cook also has filed a motion to withdraw his plea. (Doc. 39.) Cook is a federal prisoner proceeding pro se.

## I. PRELIMINARY REVIEW

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be

placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. BACKGROUND

On September 8, 2022, a grand jury indicted Cook on one count of conspiracy to distribute controlled substances, a violation of 21 U.S.C. § 846 (Count 1), one count of possession with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of a firearm in furtherance of a drug trafficking offense, a violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3), prohibited person in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 4), and a forfeiture allegation. *See* Indictment (Doc. 2). Cook was arrested, and Anthony Gallagher was appointed to represent him. *See* Order (Doc. 10).

Cook pled guilty in open court to Counts 2 and 4 of the Indictment on November 7, 2022. *See* Minutes (Doc. 18). A presentence report was prepared. Cook's counsel lodged three objections to the report, regarding drug amount calculation, criminal history, and role in offense. (Doc. 35 at 28–29.) Counsel also filed a sentencing memorandum that discussed these objections, as well as Cook's personal circumstances and the application of 18 U.S.C. § 3553(a). (Doc. 28.)

At sentencing, the Court heard argument and then adopted the report without change. Based on a total offense level of 34 and a criminal history category of VI,

Cook's advisory guideline range was 262 to 327 months. To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), the Court departed and varied downward to a sentence of 138 months on Count 2 and 120 months on Count 4, to run concurrently, followed by a six-year term of supervised release. *See* Minutes (Doc. 32); Judgment (Doc. 33 at 2–3).

Cook did not appeal. Cook's plea agreement included a waiver of any right to appeal or collaterally attack any aspect of his sentence, challenge the constitutionality of any sentence of conviction, or argue that his conduct did not fall within the statute of conviction. Cook did not waive his right to pursue a collateral challenge alleging ineffective assistance of counsel. (Doc. 15 at 8.)

Cook timely filed his § 2255 motion on February 27, 2024. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Cook requests an evidentiary hearing.

### III. CLAIMS AND ANALYSIS

A court may deny a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) Governing § 2255 Proceedings for the United States District Courts. A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous or false" or if the issues can be conclusively decided based on the evidence in the record. *Blackledge v. Allison*, 431

3

U.S. 63, 76 (1977) (internal quotation and citation omitted); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (explaining that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must allege specific facts that, if true, would entitle the petitioner to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Cook claims that counsel provided ineffective assistance in several respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Cook must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687–88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. *See also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."). "[I]t is unnecessary to consider the prejudice prong of *Strickland* if the petitioner cannot even establish incompetence under the first prong." *Siripongs*

4

*v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) (citing *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995)).

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91. Conclusory allegations of ineffective assistance of counsel made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel. *See Blackledge*, 431 U.S. at 74 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

Three weeks after he filed his § 2255 motion, Cook filed another document captioned "Motion to Withdraw Guilty Plea." (Doc. 39.) As with his § 2255 motion, Cook asserts ineffective assistance of counsel. To the extent the motion seeks relief the Court may provide under the law, the Court will construe this document as an addendum to Cook's § 2255 petition.

Cook makes nine enumerated claims. (Doc. 36.) An overarching feature of Cook's brief is his failure to argue the elements of a *Strickland* claim. Generally,

5

Cook lists various provisions of the guidelines that, in his view, should have been calculated differently. Correct application of the guidelines fails to rise to the constitutional standard that *Strickland* requires. Any counsel makes choices about which arguments to make in court. Those choices are strategic, and sometimes, what could be an advantageous argument in one circumstance, might not be in another. Cook has failed to explain why his counsel's choices were *constitutionally* ineffective in that counsel acted incompetently and prejudiced Cook.

### A. Overstatement of Guidelines

Cook's first argument is his least clear. Cook alleges that his counsel failed to argue that the guidelines overstated his crime and resulted in a "larger than necessary sentence," in light of his efforts at rehabilitation. (Doc. 36 at 2.) Cook's other arguments articulate some of the grounds for this general position. The guidelines are advisory. The Court sentenced Cook significantly below his guideline range, so this general argument fails. The more specific arguments will be discussed below.

### B.  4A1.3 Overstatement of Criminal History

Cook asserts that "the court should consider a downward departure because the defendant's criminal history category overrepresents the seriousness of the Defendant's scorable criminal history." Cook's presentence report identifies 21 prior convictions over 17 years, including juvenile offenses. Not all of the offenses were scored, including adult as well as juvenile offenses. Cook was also deemed a career

offender for two of the convictions. PSR ¶¶ 45, 47, and 57. Cook's counsel was not constitutionally ineffective for failing to argue that Cook's criminal history category of VI overrepresented his history. No credible basis exists to make that argument. More importantly, for *Strickland* purposes, Cook cannot show prejudice. Cook was sentenced well below what his guideline range would have been even with a category V criminal history, which he seeks here, so he cannot establish the second factor of the *Strickland* test, prejudice. Cook's claim regarding his criminal history lacks merit.

### C.  Downward Departure for Mental and Emotional Conditions

Cook next asserts that his counsel's performance was ineffective because he did not argue for a departure under U.S.S.G. § 5H1.3, which allows for consideration of mental and emotional conditions. (Doc. 36 at 3.) Cook claims that he suffers from "severe depression, anxiety, suicidal ideology [sic] and suicidal tendencies." (Doc. 36 at 3.) Cook contends that his counsel should have known his degree of mental conditions and sought an evaluation and a departure.

Section 5H1.3 of the Guidelines is a policy statement, which reads, in part:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose.

7

As to Cook's mental and emotional condition argument, § 5H1.3 provides that departure based on mental and emotional condition may be warranted when those conditions are "present to an unusual degree and distinguish the case from typical cases covered by the [G]uidelines." Having several diagnosed conditions does not, without more evidence, demonstrate that any condition is present to an unusual degree.

The Court discussed Cook's mental health and psychiatric conditions and medications in depth with him at his change of plea hearing on November 7, 2022. Cook said there was no reason he could not proceed with the hearing and had ample opportunity to discuss with the Court any reservations that he had about his mental health and the proceedings. Additionally, Cook's PSR—reviewed carefully by the Court, as stated on the record at sentencing—summarized in detail his mental and emotional history and conditions, as well his substance abuse history. PSR ¶¶ 76–90. Cook has alleged nothing to suggest that this information was insufficient and that his counsel should have argued something different. Counsel did seek, in fact, placement at a facility with a drug treatment program, which the Court accepted. (Doc. 33 at 2.) Cook's counsel was not ineffective in his approach to Cook's mental health. Cook's claim lacks merit.

**D.  Downward Departure for Physical Conditions**

Cook makes a similar argument about his counsel's obligation to seek a

downward departure in consideration of Cook's physical condition, including latent tuberculosis, Crohn's disease, and rheumatoid arthritis. (Doc. 36 at 4.) Section 5H1.4 of the Guidelines is a policy statement that parallels the previous section and discusses departure on the ground of an "extraordinary" physical issue. Cook's physical conditions are not extraordinary. Counsel did argue for consideration of his medical conditions. (Doc. 28 at 3–4.) Counsel's performance was not unconstitutionally ineffective.

### E.  Unconstitutionality of 922(g)(1)

Cook asserts that counsel was ineffective for failing to argue that 18 U.S.C. § 922(g)(1) is unconstitutional. (Doc. 36 at 4–5.) Cook incorrectly claims that his statute of conviction "is now unconstitutional," citing *U.S. v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), and *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). (Doc. 36 at 5.) Cook's citation to the Southern District of Mississippi is unavailing. The Court is bound by precedent of the Ninth Circuit, and, of course, the U.S. Supreme Court. The U.S. Supreme Court's opinion in *Bruen* does not render § 922(g)(1) unconstitutional. *Bruen* does not hold that banning felons from possessing firearms is unconstitutional. *Bruen* clarified the framework for analyzing Second Amendment claims but observed that the Second Amendment protects the rights of an "ordinary, law-abiding citizen" to bear arms. *Bruen*, 597 U.S. at 8–9.

The Ninth Circuit recently decided *United States v. Duarte*, No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024), which calls into question the constitutionality of 18 U.S.C. § 922(g)(1), at least as applied to persons convicted of non-violent felonies. *Duarte* does not help Cook for two reasons. First, controlling precedent at the time of Cook's sentencing was *Bruen* and the Ninth Circuit's opinion in *U.S. v. Vongxay*, 594 F.3d 111 (9th Cir. 2010). These cases did not make the statute's unconstitutionality clear, such that Cook's counsel was obliged to make that argument, lest he be found constitutionally ineffective. Counsel's choice not to make that argument was not unreasonable at that time.

Second, Cook cannot establish the second prong of the *Strickland* test, prejudice. "A petitioner who pled guilty is prejudiced if there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2012) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). Cook has failed to show a reasonable probability that he would have rejected the plea deal and gone to trial had his counsel challenged the constitutionality of § 922(g)(1). Cook's plea deal resolved more than his charge under § 922(g)(1). Cook's plea deal also resolved his charge for possession with intent to distribute and gave Cook the benefit of a three-point reduction on his offense level. The calculation of Cook's offense level and thus the determination of his guideline range relied only on the more serious offense of possession with intent

10

to distribute. Cook's sentence on his conviction for possession with intent to distribute is longer than the sentence on his gun charge, and the sentences run concurrently. Thus, even without his gun charge, Cook would spend no less time incarcerated. Cook has failed to demonstrate, in light of his other charges and the benefits of the plea deal, that a reasonable probability exists that he would not have entered the guilty plea had his counsel challenged the constitutionality of § 922(g)(1). Cook was not prejudiced by his counsel's decision not to challenge the constitutionality of § 922(g)(1).

Cook also suggests that he did not possess the gun, and that his counsel "actually conspired with the government to charge a constructively possessed firearm found in a locked bag and this is Defendant's firearms case and the attorney agrees with ten years of a federal sentence where the gun did not protect drugs is continually unconstitutional." (Doc. 36 at 4–5.) There are two fatal flaws in Cook's argument. First, Cook admitted to the police and on the record at his change of plea that he had purchased the gun at issue, and that he knew he could not legally possess it as a felon. Cook's suggestion that no factual basis exists for his conviction on this claim is not credible.

Second, Cook confuses the facts necessary to support his conviction. The Court dismissed the claim of possession of a firearm in furtherance of a drug trafficking offense (Count 3). Cook did not plead guilty to that charge. (Doc. 15 at

4.) Instead, Cook pled guilty to being a felon in possession, which requires that he possess the firearm. Cook, even in his brief, admits that the gun was his firearm. Whether it was used in conjunction with a drug crime proves immaterial. Cook's counsel was not constitutionally ineffective on this claim.

### F.  Departure under 5K2.0

Cook asserts that his counsel should have argued for a downward departure under U.S.S.G. § 5K2.0 for his "susceptibility to abuse in prison." (Doc. 36 at 5–6.) Cook states that he has been attacked twice in federal prison and "the Courts are aware" of these attacks. Cook's time in federal prison followed his sentencing. The Court could not have taken these attacks into consideration during his sentencing. Further, Cook fails to show that he is "extraordinarily susceptible." Cook's circumstances, in fact, are quite typical of many defendants. Counsel was not ineffective for failing to make this argument.

### G.  Amendment 821

Cook seeks a sentence reduction under the retroactive application of changes to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 36 at 6.) Cook is ineligible. Cook does not attempt to squeeze this claim into his ineffective assistance of counsel framework, but it is meritless on its own terms.

Part A limits the overall criminal history impact of "status points" for

offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG App. C, amend. 821 (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Cook had a total criminal history score of 14 after receiving two "status points" for committing the instant offense while under a criminal justice sentence. (PSR, ¶¶ 54–56.) Cook is a career offender. (PSR, ¶ 57.) Cook's criminal history category would be VI, even without the additional status points. *See* USSG § 4B1.1(b). Cook remains ineligible for a sentence reduction because Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." *Mercado-Moreno*, 869 F.3d at 949. Cook remains ineligible for a sentence reduction under the retroactive application of Amendment 821. This argument lacks merit.

## H.  Updated Guidelines

Cook makes a general argument that the Sentencing Guidelines have been updated, and his counsel failed to argue appropriately. (Doc. 36 at 8.) This contention lacks merit. Cook cites a 2019 case discussing the First Step Act. Cook was

sentenced in 2023, using the 2021 Guidelines manual. (PSR, ¶ 20.)

### I. Competence to Stand Trial

Cook asserts that his "severe mental illness" means that his due process rights were violated by a lack of a court-ordered psychiatric evaluation and determination of his competency. (Doc. 36 at 8–9.) Cook claims to have discussed his mental illness in detail with his counsel, making it ineffective assistance for his counsel to fail to seek an evaluation. (Doc. 36 at 9.) Cook again refers to his time in federal custody after sentencing (not pretrial local custody) as evidence of what his counsel should have known. *Id.*

Cook's assertions lack support in the record. At his change of plea hearing, the Court thoroughly investigated Cook's state of mind and his competence. Cook was able to freely discuss his medical situation, his prior criminal history, including dates and places of convictions and status of sentences, and the sentencing procedure. The Court also asked Cook if he was satisfied with his counsel's performance and investigation of the case. Cook said he was satisfied and expressed no concern about how matters had been handled to that point. The Court concluded Cook was fully competent and able to enter an informed plea and that he understood the nature of his charges, the consequences of his guilty plea, the fact that he could be sentenced up to life in prison on Count Two, and that his plea was knowing and voluntary. Counsel was not constitutionally ineffective for not raising the issue of

Cook's competence.

### J.  Motion to Withdraw Plea

A defendant may not move to withdraw a plea of guilty after sentencing. The plea may only be set aside on appeal or collateral attack. Fed. R. Crim. P. 11(e). As a result, Cook's motion to withdraw his plea agreement represents, essentially, a tenth allegation of ineffective assistance of counsel in his § 2255 motion. (Doc. 39.) In it, Cook repeats his prior arguments regarding mental health. Cook also claims that he was promised the government would argue for a lower sentence than it did, and that he thought he would get a sentence lower than what he did. (*Id.* at 2.) Cook claims that his statements in his change of plea hearing regarding his understanding of the proceedings were false. (*Id.* at 3.)

In connection with his guilty plea, Cook must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court walked Cook through the sentencing procedure, including explaining that he could be sentenced above the guideline range as calculated, and that he was subject to various mandatory minimums. Cook's plea agreement did not commit the Government to any particular sentence, and Cook acknowledged that the Court was not bound by the parties' agreements. (Doc. 15 at 7–8.) In open court, Cook stated that he had no other agreements with the Government that were not included in his

plea agreement. Thus, viewing all the circumstances together, given his criminal history, the charges he faced, and his admissions to the police at the time of his arrest, as stated in the Government's offer of proof, the Court concludes that Cook has not demonstrated that, but for counsel's performance, he would have gone to trial. Cook's result was much better given his plea than it would have been otherwise, and Cook has not demonstrated that counsel's performance was constitutionally ineffective.

## IV. CONCLUSION

The Court has considered whether an evidentiary hearing is warranted. To earn the right to a hearing, Cook is required to allege specific facts that, if true, would entitle him to relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citing *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). Cook is not entitled to a hearing if his allegations of fact are palpably incredible or patently frivolous. *McMullen*, 98 F.3d at 1159 (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985), and *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam)). Cook's allegations of fact are either patently incredible considering the record of the case, or they would not entitle him to relief even if they were proved true. Cook is not entitled to an evidentiary hearing.

The Court concludes that Cook has failed to carry his burden to plausibly allege that his counsel was unconstitutionally effective. Cook's motion will be

denied.

## V. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Cook's claims meet even the relatively low threshold required for a COA. Cook does not identify any respect in which counsel's performance was unreasonable. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. He has met neither prong of the *Strickland* test on any claim. A COA is not warranted.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Cook's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 105) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall

immediately process the appeal if Cook files a Notice of Appeal.

3.  The Clerk of Court shall ensure that all pending motions in this case and in
    CV 24-23-GF-BMM are terminated and shall close the civil file by entering
    judgment in favor of the United States and against Cook.

    DATED this 28th day of May, 2024.

    _____
    Brian Morris, Chief District Judge
    United States District Court